IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTELLDENT CORPORATION | CASE NO. 13 C 638 |
| Plaintiff, | JUDGE RONALD A. GUZMAN |
| v. | MAGISTRATE JUDGE MARIA VALDEZ |
| INTERNATIONAL PLASTICS LLC, *et al.* | |
| Defendants | |

## PLAINTIFF INTELLDENT CORPORATION'S BENCH BRIEF REGARDING DUTIES OF DIRECTORS OR OFFICERS AFTER RESIGNATION

Plaintiff, Intelldent Corporation ("Intelldent"), by its attorney, Richard K. Hellerman (Roetzel & Andress, LPA, *of counsel*), submits the following Bench Brief on one of the principal issues in this case: whether a former director or officer owes a duty to the corporation after resignation to refrain from using information obtained during his or her tenure with the corporation.

As set forth in Intelldent's Motion for Temporary Restraining Order and Motion for Preliminary Injunction, the Northern District of Illinois has recognized that, "[t]he established rule of conflicts law is that "[t]he corporate law of the state of incorporation is controlling with respect to the fiduciary duties of its directors as well as other internal corporate affairs." *Regal-Beloit Corporation v. Drecoll*, 955 F. Supp. 849, 858 n. 3 (N.D. Ill. 1996). Thus, because Intelldent is a Nevada corporation, Nevada law applies with respect to the issue of a director or officer's duties to the corporation after his resignation. However, a thorough review of Nevada law reveals an absence of authority on this issue.

Despite the absence of any direct case law squarely addressing this issue, at least one Nevada court has cited with approval a California case that holds that a corporate director breaches his fiduciary duty when he acquires information about the business and then resigns and uses the information to develop a competing business. *See Women's Federal Sav. and Loan Ass'n of Cleveland v. Nevada Nat.,* 673 F. Supp. 401, 403 (D. Nev. 1983), citing *Xum Speegle, Inc. v. Fields*, 216 Cal. App. 2d 546, 31 Cal. Rpt. 104 (1963). Thus, it is reasonable to conclude that Nevada law would support the imposition of liability upon a former officer or director that utilizes or discloses information acquired by him while employed by the corporation even after his resignation. This is particularly true because Nevada courts, when faced with an absence of authority on a particular issue, routinely look to its sister states to discern their common law. *See Williams v. Williams*, 120 Nev. 559, 556 (Nev. 2004) ("…we are persuaded by the rationale of our sister states…").

Given the paucity of Nevada law as to the duties of an officer or director to the corporation after his resignation, it is appropriate to look to the law of the other jurisdictions that may have an interest in this matter. Illinois, as the forum state and the state governing the Defendants' employment agreements, certainly has a significant interest in this case.

Under Illinois law, it is well-settled that a former officer or director remains bound by his fiduciary duty not to undertake any transaction founded on information he acquired during his employment. *See Dowell v. Bitner*, 273 Ill. App. 3d 681, 691 (4th Dist. 1995); *Comedy Cottage v. Berk*, 145 Ill. App. 3d 355, 360–61 (1st Dist. 1986). In *Comedy Cottage*, the defendant, a former vice president, learned of certain ongoing lease negotiations because of his "confidential position" with the corporation He then "used the knowledge gained as a result of his position" to enter into his own lease for the premises after he left the corporation. *Id*. at 360-61. The circuit

court entered a preliminary injunction preventing defendant interfering with the corporation's right to possession of the leased premises. The Appellate Court affirmed, holding that even assuming *arguendo* the former officer did not begin competing with the corporation until after his resignation, he remained bound by his fiduciary duty because his competition was based upon knowledge acquired during his employment. *Id.*[1] *See also Veco Corp. v. Babcock*, 243 Ill. App. 3d 153, 163 (1st Dist. 1993) ("[c]orporate officers breach their fiduciary duties where they use the company's confidential business information for the new business, either before or after their departure"); *LCOR Inc. v. Murray*, No. 97 C 1302, 1997 WL 136278 at * 9 (March 20, 1997 N.D. Ill.) ("even assuming *arguendo* that the [defendant] did not begin competing with [the corporation] until after his resignation, he would remain bound by his fiduciary duty not to undertake a transaction founded on information acquired during his employment").

Accordingly, under either Nevada law (based on the Nevada court's approval of California law to this effect) or Illinois law, there is no debate that after they resign from their corporation, former directors and officers may not use to their advantage and to their former corporation's detriment, corporate information learned while they were officers and directors.

---

[1] Specifically, the court held:

> [T]he resignation of an officer will not sever liability for transactions completed after the termination of the party's association with the corporation if the transactions began during the existence of the relationship or *were founded on information acquired during the relationship*.

145 Ill. App. 3d at 360 (emphasis added) (citations omitted). The court went on, rejecting the asserting that liability could not attach because the information learned by and acted upon by the former director/officer was not a "trade secret," holding:

> The fact that the information involved in this case does not rise to the level of a trade secret does not negate the existence of a fiduciary duty with respect to this transaction.

145 Ill. App. 3d at 361 (citations omitted).

Respectfully submitted,

*/s/ Richard K. Hellerman*
Richard K. Hellerman (6196915)
*rhellerman@ralaw.com*
Roetzel & Andress, LPA
20 S. Clark Street, Suite 300
Chicago, Illinois 60603
Telephone: (312) 580-1200
Facsimile: (312) 580-1201

Ronald S. Kopp (Ohio 0004950)
rkopp@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, Ohio 44308
Telephone: 330.376.2700
Facsimile: 330-376.4577

Christine M. Garritano (Ohio 0078423)
cgarritano@ralaw.com
Roetzel & Andress
1375 East Ninth Street
One Cleveland Center
Ninth Floor
Cleveland, OH 44114
Telephone: 216.623.0150
Facsimile: 216.623.0134

*Attorneys for Plaintiff, Intelldent Corporation*

## **CERTIFICATE OF SERVICE**

       The undersigned, an attorney, certifies that on February 14, 2013, he served the foregoing **Plaintiff Intelldent Corporation's Bench Brief Regarding Duties of Directors or Officers After Resignation** upon the individual named below via ECF Filing before 5:00 p.m.

Kenneth P. Ross
Eugene J. Schlitz
Elizabeth E. Richert
Coleman Law Firm
77 West Wacker Drive, Suite 4800
Chicago, Illinois  60601
kross@colemanlawfirm.com
eschlitz@colemanlawfirm.com
erichert@colemanlawfirm.com


                                          */s/ Richard K. Hellerman*