IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Intelldent Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 13 C 638 |
| | ) | |
| International Plastics, LLC, et al., | ) | Judge Guzman |
| | ) | |
| Defendants. | ) | Magistrate Judge Valdez |

**DEFENDANTS' BENCH BRIEF FOR THE
PRELIMINARY INJUNCTION HEARING**

The plaintiff in this case claims that the defendants breached their fiduciary duties to it by usurping for themselves a corporate opportunity to manufacture and market a dental tool that, the plaintiffs say, should instead have been presented to it. The evidence will show that the defendants did present the opportunity to the corporation, which not only declined to pursue the opportunity, it ceased functioning as an operating manufacturer. At that point – over a year later – the defendants decided to pursue the opportunity themselves. Accordingly, there was no breach of fiduciary duties.

The plaintiff is a Nevada corporation, but there is little Nevada law on the questions at issue. Illinois and Wisconsin also have an interest in the dispute, and there are helpful cases in both of those jurisdictions. There is, however, no accepted national test or standard on this issue. The most comprehensive articulation of the relevant law appears to have been made by the Minnesota Supreme Court in *Miller v. Miller*, 301 Minn. 207, 222 N.W.2d 71 (1974). After observing that it had

1

"searched the case law and commentary in vain for an all-inclusive or 'critical' test or standard" governing alleged usurpation of corporate opportunities, the court synthesized the cases into a two-part test.

The first step is to answer the "threshold question" of "whether a business opportunity presented is also a 'corporate' opportunity, i.e., whether the business opportunity is of sufficient importance and is so closely related to the existing or prospective activity of the corporation as to warrant judicial sanctions against its personal acquisition by a managing officer or director of the corporation." *Miller*, 222 N.W.2d at 81. This, the court continued, is a question of fact in which "the inquiry of the factfinder should be directed to all facts and circumstances relevant to the question," of which the following factors are the most important:

- "whether the business opportunity presented is one in which the complaining corporation has an interest or an expectancy growing out of an existing contractual right;"

- "the relationship of the opportunity to the corporation's business purposes and activities–whether essential, necessary, or merely desirable to its reasonable needs and aspirations–"

- "whether, within or without its corporate powers, the opportunity embraces areas adaptable to its business and into which the corporation might easily, naturally, or logically expand;"

- "the competitive nature of the opportunity–whether prospectively harmful or unfair–"

- "whether the corporation, by reason of insolvency or lack of resources, has the financial ability to acquire the opportunity;" and

- "whether the opportunity includes activities as to which the corporation has fundamental knowledge, practical experience, facilities, equipment, personnel, and the ability to pursue." *Id.*

The burden in this step of the process is on the plaintiff corporation, and if it fails to meet that burden there is no need to proceed to the second step. *Id*.

If the corporation does present sufficient evidence of a corporate opportunity, the court moves to the second step of the process, because even if "the opportunity is found to be a corporate one, liability should not be imposed upon the acquiring officer if the evidence establishes that his acquisition [of that opportunity] did not violate his fiduciary duties of loyalty, good faith, and fair dealing toward the corporation." *Miller*, 222 N.W.2d at 81. This step of the process "involves close scrutiny of the equitable considerations existing prior to, at the time of, and following the officer's acquisition [and] will necessarily depend upon a consideration of all the facts and circumstances of each case considered in light of those factors which control the decision that the opportunity was in fact a corporate opportunity." *Id*. The significant factors to be considered here include:

- "the nature of the officer's relationship [to] the management and control of the corporation;"

- "whether the opportunity was presented to him in his official or individual capacity;"

- "his prior disclosure of the opportunity to the board of directors or shareholders and their response;"

- "whether or not he used or exploited corporate facilities, assets, or personnel in acquiring the opportunity;"

- "whether his acquisition harmed or benefited the corporation;" and

- "all other facts and circumstances bearing on the officer's good faith and whether he exercised the diligence, devotion, care, and fairness toward the corporation which ordinarily prudent men would exercise under similar circumstances in like positions." *Id*. at 81-82.

The burden in this step of the process is on the persons alleged to have usurped the corporate opportunity. *Id.* at 82.¹

While the court may of course consider and weigh each of the factors set forth above, several of them are far more significant than others in the circumstances of this case.

The most important of these is the fact that the opportunity was offered to the corporation. *See, Miller*, 222 N.W.2d at 82. Indeed, the American Law Institute has promulgated principles of corporate governance that essentially make this fact the touchstone of liability for usurpation of a corporate opportunity, and some courts have begun to adopt that approach. *Northeast Harbor Golf Club, Inc. v. Harris*, 661 A.2d 1146, 1150-51 (Me. 1995).

It is also very significant that the plaintiff corporation chose not to avail itself of the corporate opportunity when it was presented–indeed, that it entirely ceased its manufacturing operations. *See, e.g., Weil v. Express Container Corp.*, 360 N.J.Super. 599, 824 A.2d 174, 184 (2003) ("the fact that the [corporate opportunity] was abandoned is fatal . . . for it demonstrates conclusively that neither Berson nor Wilson Fidelco deprived her of any corporate opportunity."). It is not necessary for the defendants to show that the corporation expressly rejected or refused the opportunity; it is enough that its conduct demonstrates that it declined to pursue the opportunity. *Racine v. Weisflog*, 165 Wis.2d 184, 477 N.W.2d 326, 333 (Wis.App.

---

¹ The cases in the states whose law is most relevant here–Nevada, Illinois and Wisconsin–are consistent with the approach articulated in the *Miller* case.

1991); *Kline v. Knight,* 135 Md.App.732, 2000 WL 33799690 at *45; *Northeast Harbor Golf Club, Inc., supra.*

In its trial brief, the plaintiff argues that it is significant that the defendants in this case are alleged to have made use of information that they acquired while they were directors of the corporation, and while this is surely a factor to be considered, their own cases recognize a critical distinction among the kinds of information at issue, and attribute far more significance to the use of confidential information. *See, e.g., Xum Speegle, Inc. v. Fields*, 216 Cal.App.2d 546, 31 Cal.Rptr. 104, 105 (1963); *Veco Corp. v. Babcock*, 243 Ill.App.3d 153, 163 (1993); *Comedy Cottage v. Berk*, 145 Ill.App.3d 355, 360-61 (1986). The court should not overlook the significance of this distinction.

**WHEREFORE,** the defendants respectfully request that the Court deny the plaintiff's motion for a preliminary injunction.

February 15, 2013                  Respectfully submitted,

By:    /s/ Kenneth P. Ross
      One of the attorneys for the defendants

Kenneth P. Ross
Eugene J. Schiltz
Elizabeth R. Richert
COLEMAN LAW FIRM
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
Telephone: 312-444-1000
ARDC#: 06181363

5

## CERTIFICATE OF FILING AND SERVICE

      I, Kenneth P. Ross, an attorney, hereby certify that on February 15, 2013, I caused the foregoing **DEFENDANTS' BENCH BRIEF FOR THE PRELIMINARY INJUNCTION HEARING** to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's CM/ECF system, which will automatically send notification of filing to all counsel of record.

                                                                                         /s/ Kenneth P. Ross